UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM BOZKURT,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JAREMY CASEY, Warden, Imperial Detention Center; DANIEL A. BRIGHTMAN, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement ("ICE"); KRISTI NOEM, Secretary of the U.S. Department of Homeland Security ("DHS"); and PAM BONDI, Attorney General of the United States, in their official capacities,<br><br>　　　　　　　　　　Respondents. | Case No.: 26-cv-824-JES-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

　　　Before the Court is Petitioner Ibrahim Bozkurt's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's OSC order, Respondents filed a response (ECF No. 4) and Petitioner filed a Traverse (ECF

No. 6). For the reasons set forth below, the Court **GRANTS** the Petition on Due Process grounds regarding the revocation of Petitioner's prior release.

## I.    BACKGROUND

Petitioner is a citizen of Türkiye (styled "Turkey" in the Petition) who entered the United States without inspection on October 8, 2023. Pet. ¶ 5. He was detained by immigration officials, and spent approximately a week in custody. *Id.* Petitioner was then released on his own recognizance. *Id.* Petitioner has complied with the terms of his release, attended scheduled hearings, and has no criminal history. *Id.* ¶¶ 7-8.

On November 25, 2025, Petitioner was re-detained at an immigration checkpoint while driving from Texas to California. *Id.* ¶ 9. Petitioner states that he was given no notice or opportunity to be heard regarding the revocation of his parole. *Id.* Petitioner also states that he was not provided with any showing of changed circumstances in his case justifying re-detention, and that no such changed circumstances exist. *Id.* ¶¶ 9, 11.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

//

# III. DISCUSSION

In his petition, Petitioner argues that his re-detention and the manner in which it was carried out violates the Immigration and Nationality Act ("INA") and Administrative Procedure Act ("APA"), as well as the Due Process Clause of the Fifth Amendment, and that he is unlawfully detained without bond determination pursuant to 8 U.S.C. § 1225(b). Pet. ¶¶ 64-86. Petitioner requests immediate release. *Id.* at 30. In their return, Respondents only state that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and do not respond to the other Due Process, INA, and APA arguments. ECF No. 4 at 2. As such, Respondents state that Petitioner is only entitled to a bond hearing. *Id.*

**A. Bond Hearing**

As a threshold issue, the Court will first address whether a bond hearing is an appropriate remedy, as Respondents urge. The Court disagrees that it is the appropriate remedy here. Indeed, in several cases within this district where the petitioner raised a due process violation regarding re-detention after having been released on parole, the courts have rejected the same argument made by Respondents that the petitioner is only entitled to a bond hearing as a member of the *Maldonado Bautista* class. *See Naveen v. LaRose*, No. 25-CV-3689 JLS (AHG), 2025 WL 3771900, at *2 (S.D. Cal. Dec. 30, 2025) (rejecting Respondents' argument that petitioner is a class member under *Maldonado Bautista* and therefore only entitled to a bond hearing, rendering his other constitutional arguments moot); *Lozada v. Larose et al.*, No. 25-CV-3614-LL-KSC, 2026 WL 184205, at *2 (S.D. Cal. Jan. 23, 2026) (rejecting same argument and releasing petitioner on due process violation); *Garcia v. Noem et al.*, No. 25-CV-3759-LL-BLM, 2026 WL 194745 (S.D. Cal. Jan. 26, 2026) (same); *Xie v. LaRose*, No. 3:25-CV-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026) (same). This Court has consistently followed its sister courts in finding the same. *See, e.g., Besalti v. LaRose*, No. 26-CV-270-JES-JLB, 2026 WL 242042, at *1 (S.D. Cal. Jan. 29, 2026); *Rivera v. Warden, Otay Mesa Det. Ctr.*, No. 26-

CV-375-JES-AHG, 2026 WL 310193, at *1 (S.D. Cal. Feb. 5, 2026); *Singh v. LaRose*, No. 26-CV-0556-JES-VET, 2026 WL 353355, at *1 (S.D. Cal. Feb. 9, 2026). Thus, despite Respondents' concession regarding a bond hearing,[1] the Court finds it appropriate to address the constitutional violations raised in the petition.

**B. Due Process**

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of release after initial detention. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for it providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id.* Courts have recognized that typically, the term "released on their own recognizance" refers to conditional parole. *Id.*; *see also Ortega-Cervantes v.*

---

[1] The Court notes that while Respondents state that Petitioner is part of the Bond Eligible class in *Maldonado Bautista*, at least one court has disagreed. *See Xie*, 2026 WL 92066, at *1–2 (finding that petitioner who had previously been apprehended upon arrival and released on conditional parole was not part of the class). Regardless, however, the Court does agree with Respondents that Petitioner's re-detention is governed by 8 U.S.C. § 1226 rather than § 1225, irrespective of and independently from *Maldonado Bautista*. The Court has previously held that where a petitioner is apprehended at the border, paroled into the country, and had been residing in the country when he was re-detained, his detention is governed by § 1226. *See, e.g.*, *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *4-5 (S.D. Cal. Oct. 30, 2025) (explaining reasoning and citing cases); *Beltran et al. v. Noem et al.*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same); *Garcia*, 2026 WL 194745, at *2 (same).

*Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Castellon*, 2025 WL 2373425, at *4; *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025).

While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole and release. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly,

[Petitioner's] private interest in retaining her liberty is significant. *Pinchi*, 792 F. Supp. 3d at 1034-35.

Here, Petitioner was granted release on his own recognizance after his initial contact with immigration officials, creating a liberty interest protected by the Due Process clause. *See* Pet. ¶ 5. As this Court explained in *Sanchez v. LaRose*, due process requires not only notice and opportunity to be heard, but also that the notice and opportunity be meaningful. No. 25-CV-2396-JES-MMP, 2025 WL 2770629 at *3 (S.D. Cal. Sept. 26, 2025). Here, Petitioner alleges that he was not informed of any individualized changed circumstances justifying revocation of his parole, and not given a pre-deprivation hearing. Pet. ¶¶ 9, 11. Petitioner further alleges that no changed circumstances existed which could justify revocation of his liberty interest. *Id.* ¶ 11. In their briefing, Respondents decline to contest these allegations, and do not assert that Petitioner was afforded due process regarding the revocation of his parole. *See generally* ECF No. 4. The Court thus cannot find based on the pleadings that Petitioner was provided notice and opportunity to be heard regarding the revocation of his release. *See Gergawi v. Larose*, No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321 (S.D. Cal. Dec. 23, 2025) (holding same). Further, without changed circumstances or another factor justifying re-detention, any notice and opportunity to be heard that did occur could not have been meaningful. *See Rios v. Noem*, No. 25-CV-2866-JES-VET, 2025 WL 3141207, at *2 (S.D. Cal. Nov. 10, 2025) ("An alien's opportunity to be heard regarding a change in his status is only meaningful if the government comports with its own internal standards regarding parole revocation. DHS has the authority to revoke an alien's supervised release 'at any time' on a discretionary, but not unlimited, basis."). Accordingly, the Court finds that Respondents violated Petitioner's due process rights when they re-detained him on November 25, 2025.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground and concludes

that Respondents' revocation of Petitioner's release violates procedural due process, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **February 18, 2026**, confirming that Petitioner has been released. The Court **DENIES AS MOOT** the remainder of Petitioner's claims. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge